UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ALFONZO THOMAS, JR., and
GEION SIMS,

    Plaintiffs,

 v.            Case No. 17-C-1188

HOUSE OF CORRECTIONS, et al.,

    Defendants.

---

## SCREENING ORDER

---

  David Bowers, Jr., Sedrick Williams, Kendall Boyd, Alfonzo Thomas, Jr., Geion Sims, and Mikell Lay filed a joint complaint alleging that their civil rights were violated. By order dated November 6, 2017, Bowers was ordered to pay the full filing fee, Thomas and Sims were ordered to pay an initial partial filing fee; and Williams, Lay, and Boyd were ordered to notify the Clerk of Court's office of any change in their address by November 27, 2017. The court subsequently dismissed the action without prejudice for failure to prosecute on November 29, 2017. On December 1, 2017, the court received letters from Thomas and Sims, dated November 27, 2017, indicating that they lacked the funds to pay the initial partial filing fee and wished to proceed with the action. The court subsequently vacated the judgment of dismissal, reopened the case, and waived Thomas and Sims' initial partial filing fees. On December 5, 2017, the court dismissed the plaintiffs' complaint and directed them to file an amended complaint that complied with the requirements of Rules 18 and 20 of the Federal Rules of Civil Procedure. Sims submitted an amended complaint that was not signed either by himself or Thomas on January 10, 2018. The court struck the complaint

and allowed the plaintiffs a final opportunity to file an amended complaint that is signed by each plaintiff.

On February 8, 2018, the court received a complaint and a motion for leave to proceed without prepayment of the filing fee that are only signed by Sims. Because the court has already granted Sims leave to proceed without prepayment of the filing fee, his current motion will be denied as moot. In addition, absent the signature of Thomas, there is no cause of action pled for him. To date, Thomas has not filed a timely submission pertaining to his claims. As a result, all claims as to Thomas will be dismissed without prejudice. The court will now screen Sims' complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the

2

complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

Sims alleges that he got food poisoning and had irregular bowel movements after he ate the bagged lunch he received on August 21, 2017. As an initial matter, Sims' complaint does not state which defendant violated his rights. Liability under § 1983 requires that the defendant be personally involved in the violation of an inmate's constitutional rights. *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009). Sims' complaint does not allege that a defendant was personally involved in the violation of his rights. Even if Sims were to cure these deficiencies, he has failed to state a claim upon which relief can be granted. Sims' allegation that he suffered from a single, isolated incident of food poisoning is insufficient to support a claim that jail officials violated his constitutional rights. *See Franklin v. True*, 76 F.3d 381 (7th Cir. 1996) (holding that a single instance of food poisoning is insufficient to state a conditions of confinement claim); *Becker v. Dart*, No. 15-C-7310, 2015 WL 5084728, at *3 (N.D. Ill. Aug. 26, 2015). Sims has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)).

**IT IS THEREFORE ORDERED** that Sims' motion for leave to proceed *in forma pauperis* (ECF No. 33) is **DENIED** as moot**.**

**IT IS FURTHER ORDERED** that Sims' action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) **for failure to state a claim**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that Sims has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that all claims as to Thomas are dismissed without prejudice inasmuch as he has not signed the complaint.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmates are confined.

Dated at Green Bay, Wisconsin this   26th   day of February, 2018.

> s/ William C. Griesbach
> William C. Griesbach, Chief Judge
> United States District Court

---

This order and the judgment to follow are final. The plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If the plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If the plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.